UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                Plaintiff,

v.

EDUARDO GALAN,

                                Defendant.
_____

Case #14-CR-6013-FPG

DECISION AND ORDER

On May 18, 2015, Defendant Eduardo Galan pleaded guilty by way of a written plea agreement to a two count Superseding Information that charged him with mail fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. § 1957(a). ECF No. 42. After requesting and receiving several adjournments, Defendant was sentenced on June 7, 2016 principally to 36 months imprisonment. ECF No. 53. In addition, Defendant was ordered to pay $1,102,951.06 in restitution to his victims. *Id.*

The written Judgment was signed on June 13, 2016 and filed with the Clerk of Court on June 15, 2016, and orders restitution in the amount of $1,102,951.06. ECF No. 54. In the "name of payee" section of the restitution order, the judgment states "Victim Information to be Provided under separate cover." *Id.* at 5. Although the victim list was prepared at the time of sentencing, it recently came to the Court's attention that the victim list was not docketed with the Clerk of Court.

The victim list was distributed on June 9, 2016 (two days after the Court imposed sentence, and four days before the written judgment was signed) by United States Probation Officer David Spogen. Officer Spogen's memorandum was sent to the Court's Financial Administrator, two of the Court's Financial and/or and Procurement Assistants, to a member of the United States Attorney's Office Financial Litigation Unit, and to the Victim Witness Coordinator for the United

States Attorney's Office. That memo, a redacted copy of which is attached as 'Exhibit A', contains the victim information referenced in the Court's written judgment, and the amounts listed total to $1,102,951.06, as was ordered by the Court at sentencing.

That list should have been filed with the Clerk of Court to satisfy the written judgment's statement that victim information would be provided under separate cover. However, due to a clerical error, it was never docketed.

Fed. R. Crim. P. 36 provides that:

After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

In this case, Defendant Galan has filed a Notice of Appeal. ECF No. 55. Ordinarily, "the filing of a timely and effective notice of appeal from a final judgment divests the court of jurisdiction to amend or otherwise reconsider that judgment." *United States v. Katsougrakis*, 715 F.2d 769, 776 (2d Cir. 1983). But even when a notice of appeal is filed, "[t]he trial court is not, however, barred from correcting clerical errors under Fed. R. Crim. P. 36." *Id. at 777 n. 7.*

As such, the Court intends to correct the clerical oversight of not docketing or attaching the victim list to the Judgment. In accordance with Rule 36, the Court gives notice to the parties of its intent to make this correction under Rule 36. If any party wishes to be heard on this matter, their written submission is due by July 28, 2017.

IT IS SO ORDERED.

DATED: July 13, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court